(49 App. Div. 193.)

### HAFFNER v. SCHMUCK.

(Supreme Court, Appellate Division, First Department.  March 9, 1900.)

1. LIMITATIONS—OPEN ACCOUNT.

Plaintiff having alleged the rendition of services for a period of nine years at a certain agreed amount per month, that a certain balance is due thereon, on which defendant is entitled to a credit of a certain amount loaned, the statutes of limitations applicable to a loan pleaded by defendant as made by her to plaintiff during that period is Code Civ. Proc. § 386, providing that in an action for balance on a mutual open and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side.

2. APPEAL—WAIVER OF OBJECTION.

Any error in admitting evidence offered by defendant cannot be complained of on appeal, the court having subsequently directed it to be

stricken out by language that could not fail to impress the jury that it was no longer in the case for any purpose, and plaintiff having accepted the benefit of the ruling without complaint of any circumstance connected with it.

3. REFRESHING MEMORY.

A witness may be allowed to refresh her memory by a book of accounts, though it has been rejected as evidence, because partly in German.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Frederick Haffner against Katharina Schmuck. From a judgment on a verdict for defendant, and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis Lowenstein, for appellant.

John Hardy, for respondent.

O'BRIEN, J.   The complaint stated three causes of action: First. That the plaintiff rendered services to the defendant, as collector of rents, from July 1, 1885, to August 15, 1894, for which he was promised $60 per month, and the use of certain apartments; and that there is due as his salary a balance of $4,290, on which amount the defendant is entitled to a credit of $560 for money loaned, leaving an indebtedness to the plaintiff of $3,730.   Second. That the defendant is further indebted for services rendered by the plaintiff for keeping certain buildings repaired in the reasonable sum of $6,975.   Third. That the plaintiff is entitled to payment by the defendant of $192.56 for money expended in her behalf and at her request.   The answer denied the second and third causes of action, and, though admitting the contract referred to in the first, and the services rendered, set up a counterclaim for $5,078, for money loaned to the plaintiff, which is still unpaid.   By way of further defense to the second and third causes of action the statute of limitation is interposed.   The plaintiff's reply admits that some loans were made, but denies that they amounted to the sum stated by the defendant, and pleads as to such loans the statute of limitations.   A bill of particulars was called for and produced, and the defendant's books were admitted in evidence, though these latter were afterwards excluded, as they appeared to be partly written in the German language.   Upon the trial there was, as to the numerous items involved in the issues presented, a clear conflict of evidence as to the circumstances concerning the services rendered by the plaintiff and the loans of the defendant to him; particularly with regard to a certain $3,000 loan made on September 12, 1889, the plaintiff contending that the money referred to was really a gift for the purpose of enabling him to engage in the soda-water business, as the defendant desired him to do, and the defendant insisting that when the check was given a loan was clearly understood. In the charge the court reviewed the many items of the account, and instructed the jury that they might consider the evidence as to the $3,000 loan as all other evidence in the case.   The defendant

excepted to that portion of the charge permitting the jury to consider the matter of the $3,000 loan, on the ground that it was not available as a defense, because barred by the statute of limitations. The jury returned a verdict in favor of the defendant, and from the judgment entered thereon the plaintiff appeals.

The question as to the $3,000 loan was properly submitted to the jury, for the reason that there was presented a long account extending over a period of years which is sufficient to take the item from the statute of limitations under section 386 of the Code of Civil Procedure, which provides that "in an action brought to recover a balance due upon a mutual, open, and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side." Furthermore, in his first cause of action, which involves a contract extending over a period of nearly 10 years, and which covers the time when the loan referred to was made, the plaintiff admitted that the defendant was entitled to be credited with certain loans, although they were not specifically set forth.

The questions at issue, which involved really an accounting between the parties, were for the jury, being questions of fact, and having been presented in a charge to which but a single and untenable exception was taken,—that relating to a consideration of the $3,000 item. The verdict should not be disturbed unless affected by erroneous rulings upon evidence admitted or rejected. In this last connection it is strenuously insisted by the appellant that it was error for the judge to admit in evidence at the early stage of the trial a book kept by the defendant, which was partly in English and partly in German, and which purported to show the state of the account between the parties, and the amounts of moneys advanced or loaned by the defendant to the plaintiff. The defendant had testified that the entries were made by her in the book at the time when the transactions took place, and were in all respects just and fair, and that therein she placed all moneys which she advanced, as well as all moneys paid by the plaintiff to her in payment of such advances; that such book correctly showed the condition of the account between them, and that without the aid of it she had no such independent recollection of the facts as to be able to give the items of the account. Passing, without deciding, the question of the competency of the book, we think that undue stress is placed by the plaintiff upon its admission. Although admitted in evidence, it does not appear that the terms in the book were read to the jury, or that they inspected it; and, upon its first appearing that the book was partly in English and partly in German, the court directed that it should be stricken out, and this was done in a way that could not but have impressed the jury that it was no longer in the case for any purpose. Thus, in making the ruling, the learned trial judge said, referring to the book:

"I assumed that it was in English. If it is in German, it is not admissible. The book will have to be excluded if it is in German, and some examination will have to be made of her. This book will have to go out. The stenographer

will enter on the record that, the book having been submitted to the court, and it having been found to be partly in German, the ruling heretofore made admitting it is withdrawn and reversed, and the book is excluded, because that would be a manifest error to admit a document which is in German."

The question, therefore, presented by this exception to permitting the book to be originally introduced, is whether, assuming such ruling to be erroneous, it was fatal, notwithstanding that the book was subsequently excluded, to the validity of the verdict. The plaintiff accepted the benefit of the ruling excluding the book, acquiesced in the trial's proceeding, and took the risk of a verdict, and now, that it is unfavorable to him, he complains of the harm done by the ruling made. We think that the plaintiff, having elected to proceed without having called the attention of the trial judge to the circumstance complained of, is bound by such election, and that it is too late to urge such a ground upon appeal as a reason for a reversal of the verdict, which, upon conflicting evidence, was reached by the jury. Permitting the defendant as a witness to refresh her memory by reference to the book after it was excluded as evidence in itself was not error, for the reason that it was proper to permit her to refer to entries she had made at the time in reference to transactions which were numerous, and extended over a period of years, and which, without the aid of some memorandum, she could not be assumed to be able to give in detail from memory.

The other rulings upon evidence we have examined, but do not regard them of sufficient importance to warrant any extended comment. The questions at issue were for the jury, and, there being no legal ground that would justify our setting aside the verdict, the judgment and order should accordingly be affirmed with costs. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. The error was not in the first ruling in relation to the book, but it was in afterwards allowing the defendant to read the contents of the book to the jury, without having in any way laid a proper foundation for the introduction of the book in evidence. The reading of the contents of the book to the jury certainly could not be permitted if the book itself could not be admitted in evidence.